UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>ACRO SERVICES LLC, *et al.*,<br><br>    Defendants. | Case No. _____<br><br>(FILED UNDER SEAL) |

### *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER WITH ASSET FREEZE, APPOINTMENT OF RECEIVER, OTHER EQUITABLE RELIEF, AND AN ORDER TO SHOW CAUSE <u>WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE</u>

Plaintiff Federal Trade Commission ("FTC"), pursuant to Section 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, Section 6(b) of the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. § 6105(b), and Federal Rule of Civil Procedure 65(b), hereby applies to this Court *ex parte* for a temporary restraining order ("TRO") with an asset freeze, appointment of a receiver, and other equitable relief against Defendants ACRO Services LLC, American Consumer Rights Organization, First Call Processing LLC, Music City Ventures, Inc., Nashville Tennessee Ventures, Inc., Reliance Solutions, LLC, Thacker & Associates Int'l LLC, Consumer Protection Resources, LLC (together, the "Corporate Defendants"), Sean Austin, John Steven Huffman, and John Preston Thompson (together with the Corporate Defendants, "Defendants"). In support of its motion, the FTC submits the accompanying memorandum, exhibits, and certification, and states as follows:

1. The FTC brings this action to halt a debt relief scheme that has targeted consumers with significant amounts of credit card debt. Defendants induce consumers to sign up for their

purported services through various misrepresentations and falsely promise them their debt can be eliminated or substantially reduced after enrolling in Defendants' program for an extended period of time (usually 12 to 18 months). Defendants charge consumers thousands of dollars in upfront fees, collect ongoing monthly fees of $20-35, and direct consumers to stop making payments on their credit cards. Ultimately, consumers do not have their debt eliminated or substantially reduced, and many end up getting sued by their credit card companies, owing more on their credit cards than before they signed up for Defendants' program, and suffering from reduced credit scores.

2. Defendants' acts and practices violate Section 5 of the FTC Act, 15 U.S.C. § 45, and multiple provisions of the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310.

3. The FTC therefore seeks an *ex parte* TRO:

   a. Temporarily restraining Defendants from engaging in deceptive practices in connection with the marketing of debt relief services;

   b. Temporarily freezing Defendants' assets;

   c. Appointing a Receiver over the Corporate Defendants;

   d. Restraining and enjoining Defendants and certain third parties from destroying or concealing documents, and from transferring, concealing, or otherwise disposing of assets;

   e. Requiring Defendants to identify all assets, repatriate assets located outside the United States, and make an accounting of their present financial condition and certain business information;

   f. Allowing the Receiver and FTC immediate access to all of Defendants' business premises for the purpose of inspecting, copying, and imaging material relevant to this

action, including financial records, computer data, electronically stored information, and other information concerning Defendants' business practices and assets;

g. Allowing the FTC to conduct limited expedited discovery;

h. Providing other equitable relief; and

i. Requiring Defendant to show cause why this Court should not issue a preliminary injunction extending such temporary relief pending an adjudication on the merits.

4. Pursuant to LR65.01, this motion is accompanied by a separately filed affidavit (Rule 65(b) Certification and Declaration of Counsel in Support of Plaintiff's *Ex Parte* Motion for Temporary Restraining Order and *Ex Parte* Motion to Temporarily Seal Entire Case File), a memorandum of law, and a proposed order.

5. The FTC has not provided notice of this motion to Defendants nor conferred with counsel for Defendants concerning this motion pursuant to LR7.01. As discussed in the accompanying memorandum and exhibits thereto, including the declaration of FTC counsel, the interests of justice require that this motion be heard without notice, pursuant to Federal Rule of Civil Procedure 65(b). Advance notice of this action to Defendants would likely lead to dissipation or concealment of assets and destruction of documents, causing immediate and irreparable harm by impeding the FTC's efforts to seek meaningful relief for Defendants' law violations. Issuing the TRO with an asset freeze, appointment of receiver, immediate access to business premises, and other requested relief without notice will preserve the Court's ability to award full and effective relief by preserving the status quo pending a hearing on the requested preliminary injunction.

6. If the Court enters the proposed TRO, the FTC will promptly serve notice of the order on all Defendants and will move for a preliminary injunction extending such temporary relief pending an adjudication on the merits.

WHEREFORE, the FTC respectfully requests that this Court grant this motion by entering the proposed TRO without notice to Defendants.

Dated: 11/7/2022

Respectfully submitted,

MARGARET BURGESS
ALAN BAKOWSKI
NATALYA RICE
Federal Trade Commission
233 Peachtree Street, NE, Ste. 1000
Atlanta, GA 30303
Telephone: 202-250-4693 (Burgess)
Telephone: 404-656-1363 (Bakowski)
Telephone: 202-445-8587 (Rice)
Email: mburgess1@ftc.gov, abakowski@ftc.gov, nrice@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION