UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION,: | : | |
| Plaintiff, | : | Case No. 3:22-cv-00895 |
| | : | JUDGE RICHARDSON |
| v. | : | |
| | : | |
| ACRO SERVICES LLC, et.al, | : | |
| | : | |
| Defendants. | : | |

## MOTION BY RECEIVER FOR APPROVAL OF SALE OF PERSONAL PROPERTY

**COMES NOW** S. Gregory Hays (the "Receiver") by and through counsel and herewith moves this Court for approval of sale of personal property, respectfully stating as follows:

1. Pursuant to the Opinion and Order [Doc. No. 26] (the "TRO") that was entered by this Court in the above-captioned case, the Receiver was initially appointed as Receiver of the Entity Defendants (as defined in the TRO) on November 21, 2022, at the request of Plaintiff Federal Trade Commission ("FTC"). The Court continued the appointment of the Receiver in the Stipulated Preliminary Injunction Order (the "Preliminary Injunction") that was entered on December 13, 2022 [ECF No. 49] (collectively with the TRO, the "Receivership Orders"). The Receivership Orders empower the Receiver to administer the assets subject to the Receivership Orders (the "Receivership Estate").

2. The Receivership Estate includes, among other assets, two 2020 Polaris Razor vehicles (the "Polaris Vehicles") that are the subject of this Motion.

1

3. By this Motion, the Receiver requests authority to sell the Polaris Vehicles. In particular, the Receiver requests authority to sell the Polaris Vehicles via a public auction pursuant to the terms of the *Contract to Auction Personal Property* (the "Auction Agreement") with McLemore Auction Company, LLC (the "Auctioneer") attached as Exhibit "1" hereto. The Receiver requests authority to enter and consummate the Auction Agreement as well as engage the Auctioneer and sell the Polaris Vehicles pursuant to the proposed Auction Agreement

4. The Polaris Vehicles were located at 503 Ligon Drive in Nashville and the Receiver took custody of the Polaris Vehicles upon his appointment and stored them at that facility until January 31, 2023. By agreement with Defendants Thompson and Huffman, the Receiver then stored the Polaris Vehicles with the Auctioneer pending determination of ownership of the Polaris Vehicles.

5. The Receiver investigated the ownership of the Polaris Vehicles including a review of records related to the Polaris Vehicles. Among the documents obtained by the Receiver are the titles for the Polaris Vehicles. The original titles, copies of which are attached hereto as Exhibit "2", are now in the possession of the Receiver and reflect that the Polaris vehicles are owned respectively by Preston Thompson and Steven Huffman. There are no current liens recorded against either of the Polaris Vehicles.

6. The Receiver's investigation further revealed that the Polaris Vehicles were actually paid for by Defendant Music City Ventures, Inc. on October 30, 2022. A few days after Music City Ventures, Inc., paid for the Polaris Vehicles, each of Mr. Thompson and Mr. Huffman

executed bills of sale transferring ownership of the Polaris Vehicles to Music City Ventures. Copies of the Bills of Sale are attached hereto as Exhibit "3".

7. Based on these documents, the Receiver has concluded that the Polaris Vehicles are property of the Receivership Estate. Messrs. Thompson and Huffman do not dispute this and have cooperated with the Receiver in the turnover of the Polaris Vehicles. They have further advised the Receiver that they will continue to cooperate in the Receiver's efforts to sell the Polaris Vehicles and do not oppose a sale of the Polaris Vehicles by the Auctioneer. Separately, the Receiver is advised and informed that the Plaintiff does not oppose the sale of the Polaris Vehicles by the Receiver.

8. After payment of fees and expenses due to the Auctioneer or otherwise related to the Auction Agreement and sale of the Polaris Vehicles, the net proceeds from the sale of the Polaris Vehicles will be held by the Receiver pending further order of this Court.

9. The sale of the Polaris Vehicles pursuant to the terms and conditions set forth herein are just and proper under the circumstances of this Case and necessary for the Receiver to discharge the duties and obligations assigned to the Receiver by this Court. The Receiver is informed and believes that there is no opposition to the instant Motion. Further, the Receiver respectfully submits that pursuant to LR 7.01(a)(2), a separate memorandum of law is not required since this Motion does not seek resolution of an issue of law.

10. This Motion is supported by all pleading and matters of record in this Case.

11. As set forth in the Certificate of Service attached hereto, a copy of this Motion and supporting materials will be served upon all parties who have appeared in this case and each of the

individual Defendants. In addition, the Receiver will email copies of this Motion on the individual Defendants at their most recent email address.

12. As reflected above, the titles for the Polaris Vehicles are in the possession of the Receiver and there are no outstanding liens to be satisfied or lienholders to be notified. A copy of this Motion and supporting materials will further be posted on a website maintained by the Receiver in relation to this Case.

WHEREFORE, the Receiver respectfully requests that this Court: 1) grant this Motion; 2) authorize the Receiver to retain the Auctioneer pursuant to the terms of the Auction Agreement; 3) authorize the Receiver to sign the Auction Agreement; 4) authorize the Receiver to consummate the transaction and agreement contemplated in the Auction Agreement; 5) authorize the Receiver to sell the Polaris Vehicles as requested herein; and 6) grant such additional relief as may be just and proper.

Respectfully submitted,

**MANIER & HEROD, P.C.**

*/s/ Michael E. Collins*
Michael E. Collins (Bar No. 16036)
S. Marc Buchman (Bar No. 2020215)
1201 Demonbreun Street, Suite 900
Nashville, Tennessee 37203
T: (615) 244-0030
F: (615) 242-4203
mcollins@manierherod.com
mbuchman@manierherod.com
-and-

**LAW OFFICES OF HENRY F. SEWELL JR., LLC**

Henry F. Sewell, Jr. (admitted *pro hac vice*)
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
T: (404) 926-0053
hsewell@sewellfirm.com

*Co-Counsel to S. Gregory Hays, in his capacity as Receiver*

4

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

FEDERAL TRADE COMMISSION,:

    Plaintiff,

v.

ACRO SERVICES LLC, et.al,

    Defendants.

Case No. 3:22-cv-00895
JUDGE RICHARDSON

## CERTIFICATE OF SERVICE

This is to certify that the foregoing *Motion by Receiver for Approval of Sale of Personal Property* was filed with the Clerk of the Court using *CM/ECF,* which will automatically send email notification of such filing to the counsel of record. The foregoing document is also being served on all parties and the persons identified below via First Class Mail where indicated below:

Federal Trade Commission
ATTN:    MARGARET BURGESS
            ALAN BAKOWSKI
            NATALYA RICE
233 Peachtree Street, NE, Ste. 1000
Atlanta, GA 30303
mburgess1@ftc.gov
abakowski@ftc.gov
nrice@ftc.gov
Via ECF

John Preston Thompson(First Class Mail and Email)
149 Timberline Drive
Franklin, TN 37069

Steven Huffman (First Class Mail and Email)
2019 Hornsby Drive
Franklin TN 37064

5

Sean K Austin (First Class Mail and Email)
105 Paddock Place Dr.
Mount Juliet, TN 37122

This the 13th day of April, 2023.

**MANIER & HEROD, P.C.**

*/s/ Michael E. Collins*

Michael E. Collins    (Bar No. 16036)
S. Marc Buchman    (Bar No. 2020215)
1201 Demonbreun Street, Suite 900
Nashville, Tennessee 37203
T: (615) 244-0030
F: (615) 242-4203
mcollins@manierherod.com
mbuchman@manierherod.com

-and-

**LAW OFFICES OF HENRY F. SEWELL JR., LLC**

Henry F. Sewell, Jr. (admitted *pro hac vice*)
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
T: (404) 926-0053
hsewell@sewellfirm.com

*Co-Counsel to S. Gregory Hays, in his capacity as Receiver*