EXHIBIT 1

AUCTION CONTRACT

# CONTRACT TO AUCTION PERSONAL PROPERTY

BETWEEN:



McLemore Auction Company, LLC
470 Woodycrest Ave.
Nashville, TN 37210
(615) 517-7675
info@mclemoreauction.com
www.mclemoreauction.com
(the "Auctioneer")

AND:

| Name: | S. Gregory Hays, Receiver for Music City Ventures, Inc. |
|---|---|
| Address: | 2964 Peachtree Road, Suite 555, Atlanta, GA 30305-2153 |
| Telephone: | 404-926-0051 |
| Email: | ghays@haysconsulting.net |

(the "Owner")

## TERMS AND CONDITIONS OF THIS CONTRACT

For valuable consideration, the above parties enter into this Contract (the "Contract") which sets out their respective rights, obligations, undertakings and mutual agreements regarding the sale of all those items described on "Schedule A" attached hereto (the "Property").

| **COMMISSION STRUCTURE** | | **OTHER EXPENSES TO BE PAID BY OWNER** | |
|---|---|---|---|
| Commission: | 5% | Marketing Expenses: | N/A |
| **DATES** | | Title Processing Fee: | $25 per titled vehicle |
| Contract Date: | Feb 3, 2023 | Payment Collection Costs: | 3% of total collected by credit or debit card and $15 per wire transfer. |
| Auction End Date: | On or Before March 31, 2023 | Other: | N/A |
| Delivery Deadline: | N/A | **DATA CAPTURE** | |
| **AUCTION SITE** | | Who shall photograph and describe the Property, Owner or Auctioneer? | Auctioneer |
| Who shall provide Auction Site, Owner or Auctioneer? | Auctioneer | **PRIVACY NOTICE** | |
| Auction Site Address: | 470 Woodycrest Ave, Nashville, TN 37220 | May Auctioneer publish Owner Name? (If no, then Auctioneer must collect TN sales tax) | Yes |

1. **AUCTIONEER'S OBLIGATIONS AND RESPONSIBILITIES**

    1. **Auction Date** – The Auctioneer shall, as agent of Owner, offer the Property for sale at online auction at www.mclemoreauction.com. The auction shall close on the "Auction End Date" listed above.

    2. **Payment** – The Auctioneer shall mail to Owner within fourteen (14) days after the conclusion of the auction, the amount due and owing to Owner from monies collected from the sale of the Property after making all deductions permitted under this Contract. The Auctioneer will make the check payable to the Entity Name listed above and will mail the check to the Owner's address listed above.

    3. **Commission** – The Auctioneer shall be entitled, at the conclusion of the auction, to a percentage of the sales price of the Property, or any part thereof, as described in the "Commission Structure" section above.

    4. **Expense Reimbursement** – The Auctioneer shall be entitled, at the conclusion of the auction, to reimbursement of expenses incurred in conducting the auction of the Property as described in the "Other Expenses to be Paid by Owner" section above.

    5. **Other** – The Auctioneer shall:

        1. allow Owner access to records concerning the sale of the Property, however, Auctioneer shall neither be required to provide the names, contact information, nor personal data of any bidder participating in the auction;

        2. supervise the publication and organization of the auction at www.mclemoreauction.com, including data capture if indicated above;

        3. provide the technology and record keeping required for an auction of this type;

        4. publish photographs and descriptions of the Property at www.mclemoreauction.com;

        5. collect and remit State and local sales tax arising upon the sale of the Property at the auction, if applicable.

2. **OWNER'S REPRESENTATIONS AND WARRANTIES**

    1. **Title and Condition** - The Owner represents and warrants that:

        1. the Property is, and on the date of the auction will be, owned by Owner free and clear of any and all registered and unregistered liens, security interests, tax obligations or other encumbrances or contrary claims whatsoever, except as listed under "Encumbrances Disclosure" on Schedule "A" attached hereto;

        2. Owner is solvent and has not made any assignment, proposal or other proceeding for the benefit of its creditors;

        3. the description of the Property is accurately set forth on Schedule "A" attached hereto;

        4. the offering for sale, advertising or selling of the Property will not contravene or infringe upon any patent, copyright, trademark, agreement or similar right of any third party; and

        5. Owner and its signatories are duly authorized to enter into this Contract.

3. **OWNER'S OBLIGATIONS AND RESPONSIBILITIES**

    1. **Property Condition** - Owner shall provide the Property in a condition:

        1. free of hazardous materials;

        2. equivalent to or better than its condition when viewed by the Auctioneer's representative, if applicable; and

        3. together with all documents evidencing Owner's title, and/or necessary to transfer title, to the Property, properly endorsed, if any.

    2. **Power of Attorney** - Owner hereby agrees to assign Power of Attorney to the Auctioneer for the limited purpose of executing on Owner's behalf, all documents required to transfer title to, and permit registration or ownership of, any part of the Property by the purchaser thereof, if any.

    3. **Delivery** - The Owner shall deliver the Property, at Owner's cost, to the Auction Site by the "Delivery Deadline" as indicated above. The Owner shall deliver photographs and descriptions of the Property to the

Auctioneer in the form requested by the auctioneer by the "Delivery Deadline" if indicated in the "Data Capture" section above.

4. **Storage and Inspection** - The Owner or Auctioneer, as indicated above shall provide a suitable site for the storage and inspection of the Property (the "Auction Site") commencing on the date of this Contract and ending seven days after the Auction End Date.

5. **Searching** - The Owner authorizes the Auctioneer to conduct searches or use other means available, as deemed necessary by the Auctioneer for the disclosure of liens and encumbrances, and contact creditors to determine amounts claimed against the Property, however in no case shall the Auctioneer have a duty to conduct such searches, nor be responsible for the result thereof.

6. **Risk of Loss** - The Owner shall be responsible for loss or damage to the Property, other than loss or damage arising as a result of the negligence of the Auctioneer, its agents or employees, until the earliest of:

    1. the removal of the Property from the Auction Site by the purchaser; or
    2. receipt by Owner of all proceeds from the sale of the Property.

7. **Insurance** - The Owner shall insure the Property to its fair market value against all perils so that in the event of damage to, or destruction of, the Property or any part thereof, all insurance proceeds shall be credited to the gross proceeds of the auction and payment made to the Auctioneer forthwith for all deductions permitted by this Contract.

8. **Indemnity** – The Owner shall indemnify and save the Auctioneer harmless against all claims, demands, suits, actions, causes of action, damages, costs or charges arising from:

    1. encumbrances against or defects in title to, or taxes or duties payable in respect of, the Property or any part thereof;
    2. inaccuracies in the description or condition of the Property set forth in Schedule "A";
    3. hazardous materials associated with the Property;
    4. deficiencies in the provision of documents required for the purpose of titling or registering any part of the Property by any purchaser thereof;
    5. any deficiency in compliance with EPA rules or regulations, and
    6. any infringement of a patent, copyright, trademark, agreement or similar right of any third party caused by the offering for sale, advertising or sale of any part of the Property.

9. **No Buybacks, No Withdrawals, No Cancellations** – The Owner shall not bid, directly or indirectly, nor allow any other person to bid on Owner's behalf, by agency or otherwise, on the Property or any part thereof at the auction. Should the Owner request that any or all of the Property be withdrawn from the auction or that the auction of any or all of the Property be cancelled, Owner acknowledges the Auctioneer shall have no obligation or duty to withdraw the Property or any part thereof from the auction sale or to cancel the auction. The Property shall be sold to the highest bidder at absolute auction on the Auction End Date.

10. **No Guarantee** – The Owner acknowledges that there is no guarantee whatsoever as to the gross proceeds to be realized from the sale of the Property at auction.

11. **Specific Performance** – The Owner shall not withdraw the Property or any part thereof from the auction sale. If Owner is in breach of this provision within thirty (30) days before to the auction, then in addition to any other remedies set out in this Contract, the parties hereto agree:

    1. the damages to the Auctioneer's business reputation and customer relations are not readily ascertainable;
    2. available remedies at law are not adequate in the event of breach; and
    3. the Auctioneer may not be made whole solely by monetary recompense;
    4. therefore, the Auctioneer may elect, at its sole option, to obtain an order for specific performance of this Contract and Owner hereby agrees it will not object to such action.

4. **MUTUAL AGREEMENTS**

    1. **Timeliness** – Time is of the essence of this Contract.

2. **Waiver** – A waiver by either party of any breach of any of the provisions herein shall be limited to such particular instance and shall not operate as a waiver of, or be deemed to waive, any other or future breaches of the same or any other provisions hereof.

3. **Legal Costs** – Should either party be required to participate in any action or proceeding in respect of this Contract, the prevailing party shall be entitled to recover all costs, including attorney's fees, incurred as a result thereof.

4. **Prohibition of Pre-Sale** – Neither the Auctioneer nor the Owner shall sell or offer for sale any part of the Property before the auction without the written permission of the other.

5. **Default by Owner** – If:

    1. the auction sale does not occur as a result of the actions or inaction of Owner; or

    2. Owner, directly or indirectly, by agency or otherwise, bids or permits another to bid on Owner's behalf on the Property or any part thereof at the auction; or

    3. Owner's representations and warranties set out in Section 2 hereof are not true, complete and correct in all respects;

    4. then:

        1. commissions shall be payable to the Auctioneer upon demand, based upon the fair market value of any withdrawn or undelivered parts of the Property as if they had been sold;

        2. Owner will upon demand, reimburse the Auctioneer for all expenses incurred in preparation for the auction.

        3. In the event Owner is in violation of subparagraph 4.5.2, in addition to any other rights or remedies the Auctioneer may have under this Contract, the Auctioneer shall, at its sole discretion, have the right to sell or re-sell the property by public or private sale and Owner shall pay to the Auctioneer as liquidated damages in addition to all other amounts due hereunder, two times the amount described in Paragraph 1.3 of this Contract based on the proceeds realized from such sale or resale.

6. **Auctioneer's Right to Withdraw From Contract / Rescind Sale** – Notwithstanding any other provisions of this Contract, the Auctioneer shall have the right, at its discretion, to (i) withdraw from this Contract and its obligations hereunder shall be unenforceable by the Owner, or (ii) rescind the sale of the Property to a purchaser in whole or in part, if:

    1. there are liens, charges, encumbrances or any contrary claims against the Property in addition to those set out in Schedule "A" attached hereto;

    2. there is insufficient equity in the Property or any part thereof to pay the Auctioneer's commission and advances after title is cleared; or

    3. the Owner is in breach of any of its representations or warranties hereunder.

    4. If, pursuant to this section, the Property or any part thereof is not sold at the auction, such property shall be deemed to have been withdrawn by Owner and the provisions of subparagraph 4.5.4 shall apply.

7. **Repayment of Deficiency** – Notwithstanding any other provision of this Contract, if the Property or any part thereof is sold by the Auctioneer, any deficiency resulting from the lack of Owner's equity therein shall be paid to the Auctioneer upon demand.

8. **Creation of Lien** – In addition to any other rights or remedies available to the Auctioneer, this Contract creates a security interest in the Property and its proceeds in favor of the Auctioneer in the amount of all sums owing hereunder. A UCC-1 Financing Statement may be completed and executed by the Auctioneer and recorded with the Secretary of State of the state(s) in which the property is located and the sale is to be conducted. In addition, this Contract entitles the Auctioneer to seize and retain possession of the Property as security for, and/or to sell the Property to recover all sums owing hereunder.

9. **Use of Property** – Owner authorizes the Auctioneer to utilize the Property in setting up the auction.

10. **Lots** – The Auctioneer shall divide the Property into such lots as it may in its discretion deem desirable for sale at the auction. The Auctioneer shall not be liable for any loss or damages claimed in respect of the manner in which the Property is divided into lots nor in respect of any failure to divide the Property into lots.

11. **Buyer's Premium** – The Owner agrees that the Auctioneer may charge and retain a buyer's premium equal to 10% of the high bid price of the lot(s).

12. **Collection of Proceeds** – The Auctioneer shall collect the full proceeds from the sale of the Property and Owner assigns to the Auctioneer:

    1. the amount required to discharge and satisfy all charges, liens, claims and encumbrances in respect of the Property; and

    2. all amounts payable to the Auctioneer hereunder, including commission, which shall be repayable at the time of the sale.

13. **Uncollected Proceeds** – The Auctioneer may, as it deems necessary, re-auction any part of the Property not sold or paid for at the auction and Owner acknowledges that no monies shall be payable by the Auctioneer for any part of the Property until it has been paid for in full by the purchaser thereof.

14. **Other Consignments** – Property belonging to other owners may be sold at the same auction.

15. **Owner's Name** – Owner authorizes the Auctioneer to use Owner's name in advertising the auction unless otherwise indicated above.

16. **Photography** – Owner agrees that the Auctioneer shall retain ownership of all photographs produced in the process of carrying out its obligations under this Contract. Owner further agrees that the Auctioneer shall retain all rights to these images, including the rights to publish, license, sell, or transfer the images, without obtaining further permission from the Owner.

17. **Entire Agreement** – This Contract:

    1. constitutes the entire agreement between the parties and supersedes and takes the place of all prior contracts, understandings, representations or warranties;

    2. may not be amended except in writing. There are no understandings, agreements, promises, terms, conditions, or warranties expressed or implied, whether orally or by law, statute or trade usage, other than as specifically stated herein; and

    3. shall inure to the benefit of and be binding upon the parties hereto and their respective heirs, executors, administrators, successors and assigns.

18. **Internet Bidding** – The Auctioneer shall use its best effort to ensure that Internet bidding shall be available at all times. Certain circumstances concerning the Internet and the technology in use are beyond the Auctioneer's control, however, and Internet bidding may not be available at any specific time. Owner agrees that the Auctioneer shall be held harmless from any claims, costs or causes of action arising from rescheduling the Auction Date due to the lack of availability of Internet bidding at any specific time.

19. **Force Majeure** – The Auctioneer shall not be liable for damages caused by delay or failure to perform the Auctioneer's obligations under this Contract due to fires, strikes, floods, adverse weather which may injure persons or damage property, acts of God or lawful acts of public authorities.

20. **Jurisdiction** – This Contract is subject to, and any dispute arising hereof will be determined by a court of competent jurisdiction in, and under the laws of Tennessee excepting only those in respect of fair market value of the Property which shall be submitted to binding arbitration pursuant to the laws in respect of commercial arbitration of Tennessee.

21. **Headings** – All headings in this Contract are for reference purposes only and this Contract shall be interpreted without reference to such headings.

22. **Fax and Email** – Receipt by the Auctioneer via fax of a signed copy of this Contract or via email of an electronically signed copy of this Contract, shall, upon acceptance by the Auctioneer, be effective and binding on both parties.

23. **Approval by Auctioneer** – This Contract is subject to the approval of the Auctioneer's President, and shall be null and void and of no further force or effect unless agreed to and accepted by the Auctioneer's President within 15 days of the Contract Date.

IN WITNESS WHEREOF this Contract has been executed by the parties hereto as of the date first above written.

| OWNER SIGNATURE | | AUCTIONEER SIGNATURE | |
|---|---|---|---|
| Signature: | | Signature: | |
| Name: | S. Gregory Hays | Name: | Blake Kimball |
| Title: | | Title: | Auction Manager |

Agreed to and accepted by McLemore Auction Company, LLC:

| | |
|---|---|
| Signature: | |
| Name: | Will McLemore |
| Title: | President |
| Date: | |

## SCHEDULE A: THE PROPERTY

| DESCRIPTION |
|---|
| Make: Polaris<br>Model: Z20N4E92Al<br>Year: 2020<br>Body Type: Razor<br>Vehicle Identification Number (VIN) 3NSN4E92XLF797552<br><br>Make: Polaris<br>Model: Z20N4E92AL<br>Year: 2020<br>Body Type: Razor<br>Vehicle Identification Number (VIN) 3NSN4E924LF797529 |
| **SALES TAX DISCLOSURE** |
| If any of the Property described in the "Description" section above was purchased for resale, indicate here:<br><br>Not for Resale |

Case 3:22-cv-00895   Document 78-1   Filed 04/13/23   Page 7 of 8 PageID #: 2154

Page 6 of 7

| **ENCUMBRANCES DISCOLSURE** |
|---|
| If any of the Property described in the "Description" section above is encumbered, indicate here. Include the amount owed and the contact information for the lienholder. If there are no encumbrances, write "NO LIENS" below.<br><br>No liens |