**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>ACRO SERVICES LLC, *et al.*,<br><br>    Defendants. | **Case No. 3:22-cv-00895-EJR-JSF**<br><br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANT JOHN PRESTON THOMPSON** |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction, Monetary Relief, and Other Relief ("Complaint") pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and Section 6(b) of the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. § 6105(b).  On November 21, 2022, on motion by the FTC, the Court entered an *ex parte* temporary restraining order ("TRO") with asset freeze and other equitable relief against Defendants, which was extended by the Court on November 30, 2022. On December 13, 2022, the Court entered a Stipulated Preliminary Injunction.  Now, the Commission and Defendant John Preston Thompson ("Stipulating Defendant") stipulate to the entry of this Stipulated Order for Permanent Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

<strong>FINDINGS</strong>

1.    This Court has jurisdiction over this matter.

2. The Complaint charges that the Stipulating Defendant participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and in violation of the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, in the provision of debt relief services to consumers.

3. Stipulating Defendant neither admits nor denies any of the allegations of the Complaint, except as specifically stated in this Order. Only for purposes of this action, Stipulating Defendant admits the facts necessary to establish jurisdiction.

4. Stipulating Defendant waives any claim he may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear his own costs and attorney fees.

5. Stipulating Defendant waives all rights to appeal or otherwise challenge or contest the validity of this Order.

### DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

A. "**Acquirer**" means a business organization, Financial Institution, or an agent of a business organization or Financial Institution that has authority from an organization that operates or licenses a credit card system (e.g., VISA, Mastercard, American Express, and Discover) to authorize Merchants to accept, transmit, or process payment by credit card through the credit card system for money, Products or Services, or anything else of value.

B. "**Assisting Others**" includes:

    1. performing customer service functions, including receiving or responding to consumer complaints;

2.      formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including any telephone sales script, direct mail solicitation, or the design, text, or use of images of any Internet website, email, or other electronic communication;

3.      formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services;

4.      providing names of, or assisting in the generation of, potential customers; or

5.      performing marketing, billing, or payment services of any kind.

C.      **"Clearly and Conspicuously"** means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

1.      In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented.  In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2.      A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying

3

text or other visual elements so that it is easily noticed, read, and understood.

3. An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

4. In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5. The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

6. The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7. The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

8. When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

D. **"Corporate Defendants"** means ACRO Services LLC, also doing business as Capital Compliance Solutions; American Consumer Rights Organization, also doing business as Tristar Consumer Law Organization; First Call Processing LLC; Music City Ventures, Inc., also doing business as Tri Star Consumer Group; Nashville Tennessee Ventures, Inc., also doing business as Integrity Resolution Group; Reliance Solutions, LLC, also doing business as

4

Reliance Services, LLC; Thacker & Associates Int'l LLC; Consumer Protection Resources, LLC; and their successors and assigns.

E. "**Credit Card Laundering**" means: (a) presenting or depositing into, or causing or allowing another to present or deposit into, the credit card system for payment, a Credit Card Sales Draft generated by a transaction that is not the result of a credit card transaction between the cardholder and the Merchant; (b) employing, soliciting, or otherwise causing or allowing a Merchant, or an employee, representative, or agent of a Merchant, to present or deposit into the credit card system for payment, a Credit Card Sales Draft generated by a transaction that is not the result of a credit card transaction between the cardholder and the Merchant; or (c) obtaining access to the credit card system through the use of a business relationship or an affiliation with a Merchant, when such access is not authorized by the Merchant Account agreement or the applicable credit card system.

F. "**Credit Card Sales Draft**" means any record or evidence of a credit card transaction.

G. "**Debt Relief Product or Service**" means:

    1.    With respect to any mortgage, loan, debt, or obligation between a Person and one or more secured or unsecured creditors or debt collectors, any Product or Service represented, expressly or by implication, to:

        a.    stop, prevent, or postpone any mortgage or deed of foreclosure sale for a Person's dwelling, any other sale of collateral, any repossession of a Person's dwelling or other collateral, or otherwise save a Person's dwelling or other collateral from foreclosure or repossession;

b.  negotiate, obtain, or arrange a modification, or renegotiate, settle, or in any way alter any terms of the mortgage, loan, debt, or obligation, including a reduction in the amount of interest, principal balance, monthly payments, or fees owed by a Person to a secured or unsecured creditor or debt collector;

c.  obtain any forbearance or modification in the timing of payments from any secured or unsecured holder or servicer of any mortgage, loan, debt, or obligation;

d.  negotiate, obtain, or arrange any extension of the period of time within which a Person may (i) cure his or her default on the mortgage, loan, debt, or obligation, (ii) reinstate his or her mortgage, loan, debt, or obligation, (iii) redeem a dwelling or other collateral, or (iv) exercise any right to reinstate the mortgage, loan, debt, or obligation or redeem a dwelling or other collateral;

e.  obtain any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling or other collateral; or

f.  negotiate, obtain, or arrange (i) a short sale of a dwelling or other collateral, (ii) a deed-in-lieu of foreclosure, or (iii) any other disposition of a mortgage, loan, debt, or obligation other than a sale to a third party that is not the secured or unsecured loan holder.

6

The foregoing shall include any manner of claimed assistance, including auditing or examining a Person's application for the mortgage, loan, debt, or obligation.

2.      With respect to any loan, debt, or obligation between a Person and one or more unsecured creditors or debt collectors, any Product or Service represented, expressly or by implication, to:

        a.      repay one or more unsecured loans, debts, or obligations; or

        b.      combine unsecured loans, debts, or obligations into one or more new loans, debts, or obligations.

3.      Any Product or Service, in return for payment of money or other valuable consideration, for the express or implied purpose of: (1) improving any consumer's credit report, credit record, credit history, credit profile, credit score, or credit rating; or (2) providing any advice or assistance to any consumer with regard to any activity or service the purpose of which is to improve a consumer's credit report, credit record, credit history, credit profile, credit score, or credit rating.

H.      **"Defendants"** means Sean Austin, John Steven Huffman also known as Steve Huffman, John Preston Thompson also known as Preston Thompson, and the Corporate Defendants, individually, collectively, or in any combination.

I.      **"Financial Institution"** means any institution the business of which is engaging in financial activities as described in section 4(k) of the Bank Holding Company Act of 1956 (12 U.S.C. § 1843(k)). An institution that is significantly engaged in financial activities is a Financial Institution.

7

J.       "**Merchant**" means any Person engaged in the sale or marketing of any Products or Services or a charitable contribution, including any Person who applies for Payment Processing services.

K.       "**Merchant Account**" means any account with an Acquirer or other Financial Institution, service provider, payment processor, independent sales organization, or other entity that enables an individual, a business, or other organization to accept payments of any kind.

L.       "**Payment Processing**" means transmitting sales transaction data on behalf of a Merchant or providing a Person, directly or indirectly, with the means used to charge or debit accounts through the use of any payment method or mechanism, including, but not limited to, credit cards, debit cards, prepaid cards, stored value cards, ACH debits, remotely created payment orders, and remotely created checks.  Whether accomplished through the use of software or otherwise, Payment Processing includes, among other things: (a) reviewing and approving Merchant applications for Payment Processing services; (b) transmitting sales transaction data or providing the means to transmit sales transaction data from Merchants to Acquirers or other Financial Institutions; (c) clearing, settling, or distributing proceeds of sales transactions from Acquirers or Financial Institutions to Merchants; or (d) processing chargebacks or returned remotely created payments orders or ACH debits.

M.       "**Person**" means any individual, group, unincorporated association, limited or general partnership, corporation, or other business entity.

N.       "**Product or Service**" means any good or service, including any plan or program.

O.       "**Stipulating Defendant**" means John Preston Thompson, also known as Preston Thompson.

8

P.    "**Stipulating Defendant's Property**" means the following property identified in Stipulating Defendant's financial representations and/or records provided by the Receiver: Tag Heuer watch; 50% interest in PTSH Holdings, LLC and any interest in property owned by PTSH Holdings, LLC; all stock or other ownership interest in Kindred Assisted Care Corp; 50% interest in Options Financial Group LLC and any interest in property owned by Options Financial Group LLC; any claim against or right to recover from Cars2Drive LLC or its owners; and all stock or other investment or ownership interest in MobileyMe, Inc.

Q.    "**Telemarketing**" means any plan, program, or campaign which is conducted to induce the purchase of Products or Services by use of one or more telephones, and which involves a telephone call, whether or not covered by the Telemarketing Sales Rule.

R.    "**Receiver**" means S. Gregory Hays and any deputy receiver named by him.

## ORDER

### I.    BAN ON DEBT RELIEF PRODUCTS OR SERVICES

IT IS ORDERED that Stipulating Defendant is permanently restrained and enjoined, whether acting directly or through an intermediary, from advertising, marketing, promoting, offering for sale, or selling, or Assisting Others in the advertising, marketing, promoting, offering for sale, or selling, of any Debt Relief Product or Service.

### II.    BAN ON TELEMARKETING

IT IS FURTHER ORDERED that Stipulating Defendant is permanently restrained and enjoined from participating in Telemarketing, whether directly or through an intermediary.

### III.    PROHIBITION AGAINST MISREPRESENTATIONS AND OMISSIONS

IT IS ORDERED that Stipulating Defendant, Stipulating Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection

9

with the advertising, marketing, promoting, offering for sale, or selling of any Product or Service, are permanently restrained and enjoined from:

      A.      Misrepresenting, or Assisting Others in misrepresenting, expressly or by implication:

           1.      any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer;

           2.      that any Person is affiliated with, endorsed or approved by, or otherwise connected to any other Person; government entity; public, non-profit, or other non-commercial program; or any other program;

           3.      the nature, expertise, position, or job title of any Person who provides any Product or Service; or

           4.      any other fact material to consumers concerning any Product or Service, such as: the total costs to purchase, receive, or use the Product or Service; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

      B.      Failing to disclose, or Assisting Others in failing to disclose, Clearly and Conspicuously, before a consumer consents to pay for a Product or Service offered:

           1.      the total cost to purchase, receive, or use the Product or Service;

           2.      any additional fees the consumer may incur as a result of paying for the Product or Service; or

3.      any material aspect of the performance, efficacy, nature, or characteristics of the Product or Service.

## IV.      PROHIBITION AGAINST UNSUBSTANTIATED CLAIMS

IT IS FURTHER ORDERED that Stipulating Defendant, Stipulating Defendant's officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the promoting or offering for sale of any Product or Service, are permanently restrained and enjoined from making any representation or Assisting Others in making any representation, expressly or by implication, about the benefits, performance, or efficacy of any Product or Service, unless the representation is non-misleading, including that, at the time such representation is made, they possess and rely upon competent and reliable evidence that is sufficient in quality and quantity based on standards generally accepted in the relevant fields, when considered in light of the entire body of relevant and reliable evidence, to substantiate that the representation is true.

## V.      PROHIBITIONS RELATED TO MERCHANT ACCOUNTS

IT IS FURTHER ORDERED that Stipulating Defendant, Stipulating Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any Product or Service are permanently restrained and enjoined from:

A.      Credit Card Laundering;

B.      Making, or Assisting Others in making, expressly or by implication, any false or misleading statement in order to obtain Payment Processing services; and

C. Engaging in any tactics to avoid fraud and risk monitoring programs established by any Financial Institution, Acquirer, or the operators of any payment system, including tactics such as balancing or distributing sales transactions among multiple Merchant Accounts or merchant billing descriptors; splitting a single sales transaction into multiple smaller transactions; or using shell companies to apply for a Merchant Account.

## VI. MONETARY JUDGMENT AND PARTIAL SUSPENSION

IT IS FURTHER ORDERED that:

A. Judgment in the amount of $17,486,080.85 is entered in favor of the Commission against Stipulating Defendant as monetary relief. The liability of the Stipulating Defendant shall be joint and several with any other Defendants to the extent any judgment is entered against them.

B. In partial satisfaction of the judgment specified in Subsection A. above, the following assets shall be transferred to the Commission as follows:

    1. CapStar Bank, its parent corporation, subsidiaries, principals, and agents shall, within seven (7) days of receiving a copy of this Order by any means, turn over all funds in the accounts listed below by electronic fund transfer in accordance with instructions provided by counsel for the Commission:

        a. Account No. XXXXXX8952, held in the names of John Preston Thompson and Heather Willis Thompson.

        b. Account No. XXXXXX9975, held in the names of John Preston Thompson and Heather Willis Thompson.

    2. Regions Bank, its parent corporation, subsidiaries, principals, and agents shall, within seven (7) days of receiving a copy of this Order by any means, turn

over all funds in the accounts listed below by electronic fund transfer in accordance with instructions provided by counsel for the Commission:

    a.    Account No. XXXXXX1501, held in the names of John Preston Thompson and Heather Willis Thompson.

    b.    Account No. XXXXXX2643, held in the names of John Preston Thompson and Heather Willis Thompson.

3.    Volunteer State Bank, its parent corporation, subsidiaries, principals, and agents shall, within seven (7) days of receiving a copy of this Order by any means, turn over all funds in the accounts listed below by electronic fund transfer in accordance with instructions provided by counsel for the Commission:

    a.    Account No. XXXX6315, held in the name of Options Financial Group, LLC.

4.    Fifth Third Bank, its parent corporation, subsidiaries, principals, and agents shall, within seven (7) days of receiving a copy of this Order by any means, turn over all funds in the accounts listed below by electronic fund transfer in accordance with instructions provided by counsel for the Commission:

    a.    Account No. XXXXXX9514, held in the name of Debt Negotiators, LLC.

5.    Stipulating Defendant shall, within seven (7) days of receiving a copy of this Order by any means, transfer title (if applicable) and possession of Stipulating Defendant's Property. The Receiver is authorized to promptly take possession of and liquidate Stipulating Defendant's Property without further order of this Court and transfer the proceeds of the liquidation to the Commission, less any amount

deducted pursuant to Subsection VI.B.7 below.  Stipulating Defendant shall take all steps necessary to assist the Commission and the Receiver to take possession of and liquidate such property, including, but not limited to: making himself available to the Receiver; delivering all documents, records, and files relating to Stipulating Defendant's Property as may be requested by the Receiver; executing consents to authorize the Receiver to communicate with and transact with any banks or financial institutions holding or asserting encumbrances and liens against Stipulating Defendant's Property; procuring the signatures of any person or entity under his control and signing any documents necessary to transfer ownership or release encumbrances or liens.  In the event that it is necessary for Stipulating Defendant to execute documents to facilitate the liquidation of such property, he shall execute and return such documents within three days of a request by the Commission or the Receiver.  Stipulating Defendant hereby forever waives, releases, discharges, and disclaims all right, title, and interest in Stipulating Defendant's Property.  Until he transfers title (if applicable) and possession of Stipulating Defendant's Property, Stipulating Defendant shall maintain and take no action to diminish the value of the Stipulating Defendant's Property in the same condition as on the date he executed his sworn financial statement dated December 9, 2022.  The Receiver is excused from the requirements of 28 U.S.C. sections 2001 and 2004 in connection with any pending or contemplated sale by the Receiver.

6.     Stipulating Defendant's spouse, Heather Willis Thompson, waives all claims to, unconditionally releases any interest in, and consents to transfer to the

Commission possession of and any interest she has or may have, directly or indirectly, by operation of applicable law, in any and all of the assets referenced in Subsections VI.B.1-2. Heather Willis Thompson shall cooperate fully with the Commission and take such other steps as the Commission may require to transfer to the Commission the assets referenced in Subsections VI.B.1-2.

7.      The Receiver and all personnel hired by the Receiver, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties prescribed by Subsections VI.B.5-6 above from the assets that are the subject of those Subsections. The Receiver shall apply to the Court for approval of specific amounts of compensation and expenses and shall not increase the hourly rates used as the basis for such fee applications without prior approval of the Court. To the extent that any of the assets referred to in this Section already have been transferred to the Receiver pursuant to any prior orders of this Court, the Receiver shall be entitled to compensation as set forth in such prior orders.

C.      Upon completion of the asset transfers as set forth in Subsection B. above, the remainder of the judgment is suspended, subject to the Subsections below.

D.      The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of the Stipulating Defendants' sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely:

1.      the Financial Statement of Individual Defendant John Preston Thompson signed on December 9, 2022, including the attachments;

15

2.      the additional documentation submitted by email from Stipulating

Defendant's counsel Greg Oakley to Commission counsel Margaret Burgess

dated December 7, 2022, attaching a document showing transaction history for

CapStar bank account ending in 9975;

3.      the additional documentation submitted by emails from Stipulating

Defendant's counsel Greg Oakley to Commission counsel Margaret Burgess

dated December 8, 2022, attaching copies of monthly statements and other

information relating to Stipulating Defendant's monthly expenses;

4.      the Declaration of Preston Thompson filed with the Court on January 2,

2023, as amended on January 11, 2023, and the Supplemental Declaration of

Preston Thompson filed with the Court on January 12, 2023, including all

attachments, filed in support of his Motion for Partial Modification of Asset

Freeze Provisions of Preliminary Injunction;

5.      the additional documentation submitted by email from Stipulating

Defendant's counsel Greg Oakley to Commission Counsel Margaret Burgess

dated January 10, 2023, providing copies of checking account statements from

Regions Bank from July 2020 through November 2020;

6.      the additional documentation submitted by email from Stipulating

Defendant's counsel Greg Oakley to Commission counsel Margaret Burgess

dated January 11, 2023, attaching a copy of a title to a 1969 Chevy Camaro; and

7.      the additional documentation submitted by email from Stipulating

Defendant to Commission counsel Alan Bakowski, Margaret Burgess, and

Natalya Rice on February 2, 2023, concerning interests in and assets of certain business entities.

E.      The suspension of the judgment will be lifted if, upon motion by the Commission, the Court finds that Stipulating Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

F.      If the suspension of the judgment is lifted, the judgment becomes immediately due in the amount specified in Subsection A. above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

G.      Stipulating Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

H.      The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

I.      The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

J.      Stipulating Defendant acknowledges that his Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Stipulating Defendant

previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

K.     All money received by the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for consumer relief, such as redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after such redress is completed, the Commission may apply any remaining money for such related relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.  Any money not used for relief is to be deposited to the U.S. Treasury.  Stipulating Defendant has no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

L.     The asset freeze is dissolved as to the Stipulating Defendant's assets other than those subject to payment, transfer, security, assignment, or encumbrance under this Section. Upon completion of all payments and transfers required by this Order and Permanent Injunction, the remainder of the asset freeze as to Stipulating Defendant's assets is dissolved.

M.     The Commission may request any tax-related information, including amended tax returns and any other filings, that Stipulating Defendant has authority to release.  Within 14 days of receipt of a written request from a representative of the Commission, Stipulating Defendant must take all necessary steps (such as filing a completed IRS Form 4506 or 8821) to cause the Internal Revenue Service or other tax authority to provide the information directly to the Commission.

## VII. CUSTOMER INFORMATION

Stipulating Defendant, Stipulating Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

A.     failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress.  If a representative of the Commission requests in writing any information related to redress, Stipulating Defendant must provide it, in the form prescribed by the Commission, within 14 days;

B.     disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order; and

C.     failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VIII.   COOPERATION

IT IS FURTHER ORDERED that Stipulating Defendant must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint.  Stipulating Defendant must provide truthful and complete information, evidence, and testimony.  Stipulating Defendant must appear for interviews, discovery, hearings, trials, and any other proceedings that

19

a Commission representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## IX. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Stipulating Defendant obtain acknowledgments of receipt of this Order:

A. Stipulating Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 5 years after entry of this Order, Stipulating Defendant for any business that such Stipulating Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities. From each individual or entity to which Stipulating Defendant delivered a copy of this Order, Stipulating Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## X. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Stipulating Defendant make timely submissions to the Commission:

A. One year after entry of this Order, Stipulating Defendant must submit a

compliance report, sworn under penalty of perjury. Stipulating Defendant must: (1) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (2) identify all business activities, including any business for which Stipulating Defendant performs services whether as an employee or otherwise and any entity in which Stipulating Defendant has any ownership interest; (3) describe in detail Stipulating Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership; (4) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Stipulating Defendant; (5) identify all of Stipulating Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (6) describe the activities of each business, including the Products and Services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Stipulating Defendant must describe if he knows or should know due to his own involvement); (7) describe in detail whether and how Stipulating Defendant is in compliance with each Section of this Order; and (8) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B.     For 20 years after entry of this Order, Stipulating Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following: (1) name, including aliases or fictitious name, or residence address; (2) title or role in any business activity, including any business for which such Stipulating Defendant performs services whether as an employee or otherwise and any entity in which such Stipulating Defendant has any ownership interest, and identify the name, physical address, and any Internet

address of the business or entity; (3) any designated point of contact; or (4) the structure of any entity that Stipulating Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.     Each Stipulating Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Stipulating Defendant within 14 days of its filing.

D.     Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.     Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin:  FTC v. ACRO Services LLC et al., Matter No. X230005.

## XI.     RECORDKEEPING

IT IS FURTHER ORDERED that Stipulating Defendant must create certain records for 20 years after entry of the Order, and retain each such record for 5 years.  Specifically, Stipulating Defendant for any business that Stipulating Defendant, individually or collectively

with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.      accounting records showing the revenues from all Products or Services sold;

B.      personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.      records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.      all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission;

E.      a copy of each unique advertisement or other marketing material; and

F.      copies of contracts with suppliers, payment processors, and list brokers.

## XII.   COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Stipulating Defendant's compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

A.      Within 14 days of receipt of a written request from a representative of the Commission, Stipulating Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.     For matters concerning this Order, the Commission is authorized to communicate directly with Stipulating Defendant.  Stipulating Defendant must permit representatives of the Commission to interview any employee or other person affiliated with Stipulating Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

C.     The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Stipulating Defendant or any individual or entity affiliated with Stipulating Defendant, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.     Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Stipulating Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XIII.   RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.


**SO ORDERED, this \_\_\_\_28_____ day of _____April_____, 2023.**


_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF:**

**FEDERAL TRADE COMMISSION**

_[signature]_                                    Date: ___4/25/23___

Alan Bakowski
Margaret Burgess
Natalya Rice
Attorneys
Federal Trade Commission
233 Peachtree Street N.E., Suite 1000
Atlanta, GA 30303
(404) 656-1363 (Bakowski); abakowski@ftc.gov
(202) 250-4693 (Burgess); mburgess1@ftc.gov
(202) 445-8587 (Rice); nrice@ftc.gov


**DEFENDANT JOHN PRESTON THOMPSON**


_____          Date: _____
John Preston Thompson


_____          Date: _____
Heather Willis Thompson
As to Section VI.B. only

25

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF:**

**FEDERAL TRADE COMMISSION**

_____       Date: _____
Alan Bakowski
Margaret Burgess
Natalya Rice
Attorneys
Federal Trade Commission
233 Peachtree Street N.E., Suite 1000
Atlanta, GA 30303
(404) 656-1363 (Bakowski); abakowski@ftc.gov
(202) 250-4693 (Burgess); mburgess1@ftc.gov
(202) 445-8587 (Rice); nrice@ftc.gov

**DEFENDANT JOHN PRESTON THOMPSON**

_____       Date: __2/23/2023__
John Preston Thompson

_____       Date: __2/23/2023__
Heather Willis Thompson
As to Section VI.B. only

25