**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:22-cv-895 |
| v. | ) | |
| | ) | Judge Eli J. Richardson |
| ACRO SERVICES LLC, et al., | ) | Magistrate Judge Jeffery S. Frensley |
| | ) | |
| Defendants. | ) | |

---

**ORDER**

---

On January 27, 2023, Plaintiff filed a Motion for the Clerk's Entry of Default against Defendants ACRO Services LLC, American Consumer Rights Organization, First Call Processing LLC, Music City Ventures, Inc., Nashville Tennessee Ventures, Inc., Reliance Solutions, LLC, Thacker & Associates Int'l LLC, Consumer Protection Resources, LLC, Sean Austin, John Steven Huffman, and John Preston Thompson. ("Defendants"). (Doc. No. 67). On May 1, 2023, the Clerk denied as moot Plaintiff's Motion as to the individual defendants, Sean Austin, John Steven Huffman, and John Preston Thompson. (Doc. No. 85). The Clerk granted Plaintiff's Motion as to Defendants Music City Ventures, Inc, Nashville Tennessee Ventures, Inc., Thacker & Associates Int'l LLC, and Consumer Protection Resources, LLC. *Id.* Finally, the Clerk held in abeyance Plaintiff's Motion as to Defendants ACRO Service LLC, American Consumer Rights Organization, First Call Processing LLC, and Reliance Solutions LLC for fourteen (14) days and directed Plaintiff to show cause why Plaintiff's Motion as to those Defendants should not be denied for failure to adequately verify service of process. *Id.* Specifically, the Clerk found that Plaintiff provided insufficient information to enable the Clerk to determine whether service upon John P.

1

Hayes in Santa Fe, New Mexico and Christine Law in McDonough, Georgia was sufficient to bind the relevant legal entities. *Id.*

Plaintiff filed its Response to the Order to Show Cause on May 15, 2023. (Doc. No. 88). In support of Motion for Entry of Default as to Defendants ACRO Service LLC, American Consumer Rights Organization, First Call Processing LLC, and Reliance Solutions LLC, Plaintiff submitted the First Supplemental Declaration of Michael S. Liggens, (Doc. No. 88-1), the Declaration of Jeff Bowers, (Doc. No. 88-2), and an e-mail communication from John P. Hayes to Plaintiff's counsel, Margaret Burgess dated May 2, 2023, (Doc. No. 88-3).

Based upon a review of the information provided, the Clerk finds that Plaintiff has provided sufficient information to support its position that Mr. Hayes was an authorized sub-agent of Registered Agents Inc., the registered agent for service of process ACRO Services, LLC, First Call Processing LLC, and Reliance Solutions, LLC. As explained in the Declaration of Jeff Bowers and in the e-mail communication from Mr. Hayes to Plaintiff's counsel, Registered Agents Inc. was a "virtual" tenant of Mr. Hayes's law firm and he and his firm were authorized to accept service of process when delivered to their office. (Doc. Nos. 88-2 and 88-3). Additionally, Plaintiff provided evidence that Christine Law was, at the time served, an officer of American Consumer Rights Organization, which authorized her by law to accept service on behalf of the entity pursuant to Fed. R. Civ. P. 4(h)(1)(B).

Accordingly, the Clerk finds that Plaintiff has complied with its obligations to verify service pursuant to Local Rule 55.01(i). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). As a result, the Clerk **GRANTS** Plaintiff's Motion for the Clerk's Entry of Default as to Defendants ACRO Service

LLC, American Consumer Rights Organization, First Call Processing LLC, and Reliance

Solutions LLC. (Doc. No. 67).

s/ Lynda M. Hill
Lynda Motes Hill
Clerk of Court