UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:22-cv-00895 |
| ACRO Services LLC, et al., | ) JUDGE RICHARDSON |
| Defendants. | ) |

IT IS SO ORDERED.

The Court has reviewed Plaintiff's "Motion for Default Judgment Against the Entity Defendants" (Doc. No. 94, "Motion"), as well as Plaintiff's "[P]roposed default final order for permanent injunction and monetary judgment as to [the Entity Defendants]" (Doc. No. 94-1, "Proposed Order"). As discussed in the Motion and as reflected on the docket, default has been entered against the Entity Defendants[1] and has not been cured; to this day, no Entity Defendant has appeared in this action.

The Court certainly understands the basis for the Motion and for most of the content set forth in the Proposed Order. But the Court has a concern about the following provision:

> Entity Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Entity Defendants must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

---

[1] The so-called "Entity Defendants" are ACRO Services LLC, American Consumer Rights Organization, First Call Processing LLC, Music City Ventures, Inc., Nashville Tennessee Ventures, Inc., Reliance Solutions, LLC, Thacker & Associates Int'l LLC, and Consumer Protection Resources LLC

(Doc. No. 94-1 at 17).[2] Specifically, the Court wonders how the Entity Defendants could be deemed to "acknowledge" (or to have previously "acknowledge[d]") anything related to this action, given that: (i) the Proposed Order is not a consent order signed or agreed to by representatives of the respective Entity Defendants; and (ii) the Entity Defendants have not appeared at all in this action and, as far as the Court is aware, have not been in touch (through representatives acting on their behalf) at all with Plaintiffs. Accordingly, Plaintiff shall either file a new proposed order that omits this provision, or a notice explaining what Plaintiff has in mind here in referring to the Entity Defendants' purported "acknowledge[ment]."

Additionally, in either a notice filed pursuant to the preceding sentence or a separate notice, Plaintiff shall explain its proposed disposition of the proceeds "[t]ransfer[red] to the Commission . . . from the liquidation of all Assets held by the Receiver[.]" (*Id.* at 20).

Plaintiff shall make the refenced filing[s] by July 17, 2023.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[2] Citations herein to page numbers of the Proposed Orders are to the page numbers placed on the Proposed Order in conjunction with Electronic Case Filing, rather than the original page numbers placed on the Proposed Order by Plaintiff.