Exhibit "A"
(Proposed Order)

# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, : <br>    Plaintiff, : <br> : <br> v. : <br> : <br> ACRO SERVICES LLC, et.al, : <br>    Defendants. : | Case No. 3:22-cv-00895 <br> JUDGE RICHARDSON |

**ORDER: A) APPROVING THE FINAL REPORT AND ACCOUNTING; (B) AUTHORIZING ABANDONMENT OR TURNOVER OF RECORDS AND ASSETS HELD BY THE RECEIVER; (C) DISCHARGING AND RELEASING THE RECEIVER; (D) AUTHORIZING PAYMENT OF ALLOWED ADMINISTRATIVE EXPENSES AND PROFESSIONAL FEES AND COSTS; (E) AUTHORIZING THE FINAL DISTRIBUTION OF ASSETS; AND (F) CLOSING THE RECEIVERSHIP**

This matter came before the Court on the Motion (the "Motion") of S. Gregory Hays, the Receiver (the "Receiver") appointed to administer the receivership estate created in the above-captioned case (the "Receivership"), for an order (a) approving the Final Report; (b) authorizing abandonment or turnover of records and assets held by the Receiver; (c) discharging and releasing the Receiver and any professionals engaged by the Receiver; (d) authorizing payment of allowed administrative expenses and professional fees and costs; (e) authorizing the final distribution of cash to the FTC; and (f) closing the Receivership.

Following proper notice of the Motion, no objection was filed in opposition to the Final Report or Motion. After thorough consideration of the Final Report, Motion, the Final Fee Application,[2] the record, facts and circumstances related to the Receivership, this Court finds that the approval of the Motion is in the best interests of the Receivership Estate and all parties in interest. Accordingly, for good cause shown and without the necessity of further notice or hearing, it is hereby ORDERED and ADJUDGED that:

1. Notice of the Final Report and Motion is deemed appropriate and in accordance with the prior orders of this Court.

2. The Motion of the Receiver is granted in its entirety.

3. <u>Approval of Final Report and Accounting</u>. The Final Report of the Receiver is approved, and all actions and activities taken by or on behalf of the Receiver and all payments made or to be made by the Receiver in connection with the administration of the Receivership are hereby approved and confirmed.

4. <u>Destruction of Records</u>. The Receiver is authorized to abandon and destroy the electronic and paper records of the Receivership and of any other related entities or businesses in the possession, custody or control of the Receiver if, within 30 days after service of written notice to the Federal Trade Commission (the "<u>FTC</u>"), the Receiver has not been served with a written request by the FTC

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to such terms in the Final Report and Motion.

for the records or a subpoena by a law enforcement agency. If during such 30-day period, the Receiver is served with a written request for the records by the FTC or subpoena by a law enforcement agency, the Receiver shall be authorized to turn over the original records to the FTC or a law enforcement agency in response to the request or subpoena.

5. <u>Turnover and Abandonment of Assets</u>. The Receiver is authorized to abandon and turnover the Remaining Florida PTSH Real Estate, the Lake Lots and Miscellaneous Assets as defined in the Motion and the Receiver shall have no further rights or responsibilities for such assets and any creditors asserting security interests or liens against such assets may seek to enforce their rights against same.

6. <u>Turnover of Remaining Cash to the FTC</u>: The Receiver is authorized to turnover to the FTC the remaining cash of the Receivership Estate after the payment of the outstanding costs and expenses of the Receivership Estate. All assets not distributed or otherwise administered by the Receiver as of the closing of the Receivership are deemed abandoned. Abandoned assets may be destroyed or discarded, without regard to title or value, in the sole and absolute discretion of the Receiver.

7. <u>Discharge</u>. Neither the Receiver nor any agent, employee, member, officer, independent contractor, attorney or representative of the Receiver shall have any liability to any person or entity for any action taken in good faith in

connection with carrying out the administration of this Receivership and the exercise of any powers, duties and responsibilities in connection therewith. Effective upon the completion of the final distribution of funds maintained in the Receivership and filing of the Report of Distributions, the Receiver and any agents, employees, members, officers, independent contractors, attorneys and representatives of the Receiver are fully: (a) discharged of all duties, responsibilities, obligations, and liabilities in connection with the administration of the Receivership and from any other obligation imposed by the Receivership Orders or any other orders of the Court; (b) released from any and all claims and liabilities arising out of and/or pertaining to the Receivership; and (c) relieved of all liabilities, duties and responsibilities pertaining to the Receivership.

8. <u>Administrative Fees and Expenses</u>. All receivership administrative fees and expenses incurred in this Receivership proceeding, including the fees and expenses of the Receiver and those of any professionals of the Receiver incurred and paid or to be paid in connection with the Receivership, including those previously paid or to be paid to the Receiver and counsel, are hereby approved, and all administrative expenses and professionals' fees and expenses incurred from the date of the entry of the Receivership Orders through the closing of the Receivership and the discharge of the Receiver as described in the Final Fee

4

Application are hereby approved and authorized to be paid from assets of the Receivership.

9. <u>Outstanding Tax Returns.</u> The Receiver is not responsible and has no liability for any tax returns for or related to the Receivership or any defendants in the above captioned case.

10. <u>Jurisdiction</u>. This Court shall retain jurisdiction over any and all matters relating to the Receiver and the Receivership, including any matters relating to the distribution of funds received by the Receiver in connection with the obligations of the Receiver or otherwise received after the Receivership is closed. To the extent that any dispute arises concerning the administration of the Receivership or to the extent that any person or entity seeks to pursue or assert any claim or action against the Receiver or any agent, employee, member, officer, independent contractor, attorney or representative of the Receiver, arising out of or related to this Receivership, the Court shall retain jurisdiction to hear and resolve any such dispute or claim.

11. <u>Notice of Funds Distribution</u>. After the final distribution of funds as ordered by the Court, the Receiver shall file a Report of Distributions. The Receivership shall be deemed closed and terminated upon the filing of the Report of Distributions without further order of this Court.

5

Case 3:22-cv-00895   Document 117-1   Filed 09/26/24   Page 5 of 6 PageID #: 2631

IT IS SO ORDERED, this ____ day of _____, 2024.

_____
Judge Richardson
United States District Court
Middle District of Tennessee, Nashville Division